PEOPLE v ROSECRANTS

Docket No. 78-2120. Submitted January 5, 1979, at Lansing.—Decided
February 20, 1979.

Defendant Robert L. Rosecrants was convicted of resisting an
officer and sentenced to pay a fine of $100 or spend 60 days in
jail and to pay court costs of $582. The statute creating the
crime of resisting an officer defines it as a misdemeanor with a
maximum penalty of imprisonment for two years and a fine of
$100. The prosecutor had also filed a supplemental information
charging defendant with being a second felony offender, alleg-
ing one prior felony conviction. The Jackson Circuit Court,
Russell E. Noble, J., granted defendant's motion to dismiss the
supplemental information on the ground that defendant's of-
fense of resisting an officer was a misdemeanor under the penal
code. The prosecution appealed. *Held:*

The defendant may properly be charged as a second felony
offender despite the designation of the crime of resisting an
officer as a misdemeanor under the penal code.

Reversed and remanded.

CRIMINAL LAW — HABITUAL OFFENDER — FELONY — RESISTING AN
OFFICER — STATUTES.

A felony, for purposes of the habitual offender statute, is any
offense for which the offender may be punished by death or
imprisonment for more than one year or any offense expressly
designated by law to be a felony; a felon convicted of resisting
an officer may be prosecuted under the habitual offender stat-
ute despite the fact that the statute creating the offense of
resisting an officer defines the offense as a misdemeanor, since
the maximum potential term of imprisonment for resisting an
officer is two years (MCL 750.479, 769.10; MSA 28.747, 28.1082).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Edward J. Grant,*

REFERENCE FOR POINTS IN HEADNOTE
39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 15.

Prosecuting Attorney, and *John W. Wildeboer,* Assistant Prosecuting Attorney, for the people.

Before: BEASLEY, P.J., and D. F. WALSH and J. E. McDONALD,* JJ.

BEASLEY, P.J. Defendant was convicted by jury of resisting a police officer contrary to MCL 750.479; MSA 28.747. He was sentenced to pay a fine of $100 or spend 60 days in jail and to pay court costs of $582.

The prosecutor had also filed a supplemental information charging defendant with being a second felony offender under MCL 769.10; MSA 28.1082. The trial judge dismissed the supplemental information on the ground that, although defendant had one prior felony conviction, defendant's present offense was designated a misdemeanor under the applicable penal code provision, MCL 750.479; MSA 28.747 and, therefore, would not support application of the habitual offender statute. The prosecutor appeals this dismissal.

Defendant's offense, that of resisting a police officer, is termed a misdemeanor under the penal code, but is punishable by up to two years imprisonment. MCL 750.479; MSA 28.747. The prosecutor argues that, for purposes of charging defendant as a second felony offender under the code of criminal procedure, the court must use the definition of "felony" as set forth in the criminal code rather than on the basis of whether a crime is nominally termed a misdemeanor or felony in the penal code. The trial judge held that, absent an express repealer clause by the Legislature, the court must be governed by the prior enacted desig-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

nation of defendant's offense as a misdemeanor under the penal code.

"Felony", as used in the code of criminal procedure [MCL 761.1(g); MSA 28.843(g)] of which the habitual offender provision in question is a part, reads as follows:

"As used in this act:

\* \* \*

"(g) 'Felony' means an offense for which the offender, upon conviction, may be punished by death or by imprisonment for more than 1 year or an offense expressly designated by law to be a felony." 1974 PA 63, § 1.

Prior to the amendment, a "felony" under the code of criminal procedure was "construed to mean an offense for which the offender, on conviction, may be punished by death or by imprisonment in state prison". 1970 CL 761.1. Defendant's offense, although termed a misdemeanor, would also appear to have been a felony under the penal code before the statute's amendment as it is "punishable by imprisonment in the state prison not more than 2 years or by a fine of not more than 1,000 dollars". 1970 CL 750.479.

The Legislature has expressed two intents as to the designated grade of defendant's offense; under the penal code defendant's activity is termed a misdemeanor, while under the later enacted code of criminal procedure it falls under the classification of a felony. The Legislature has the general power to designate both the grade and the punishment of criminal offenses.[1] The habitual offender statute is an example of the Legislature's intent to use this power to augment the permissible punishment for second and subsequent felony offenders

---

[1] *People v Causley*, 299 Mich 340; 300 NW 111 (1941).

rather than to make a separate substantive crime out of being an habitual offender.[2]

The Legislature, in implementing its inherent power to define the grade of crimes, sets forth a uniform definition of the term "felony" for use when the code of criminal procedure applies, as in the instant case where the habitual offender statute is being applied. Although this uniform definition in MCL 761.1(g) does not expressly purport to affect or change the designated grade, as set forth under the prior enacted penal code, a legislature, enacting or amending a statute, must be presumed to have knowledge of existing statutes and laws.[3]

This case does not present a situation where the Legislature has enacted two inconsistent penalties. If so, defendant could argue that he was entitled to receive the lesser of the two penalties.[4] The statute governing prosecution of an habitual offender is clear in designating defendant's offense as a felony, and the punishment for defendant's activity falls within the felony definition under the criminal code.

Furthermore, we do not find the divergent designations of the grade of defendant's offense to be irreconcilable. For purposes of the penal code alone, the crime of resisting a police officer is treated as a misdemeanor. However, any application of the code of criminal procedure would result in the characterization of defendant's offense as a felony.[5]

Although designating defendant's offense as a felony under the code of criminal procedure elimi-

[2] *People v Shotwell,* 352 Mich 42; 88 NW2d 313 (1958).

[3] *Skidmore v Czapiga,* 82 Mich App 689, 691; 267 NW2d 150 (1978).

[4] *People v Lockhart,* 242 Mich 491; 219 NW 724 (1928); *People v Hoaglin,* 262 Mich 162; 247 NW 141 (1933).

[5] *People v Duhamel,* 72 Mich App 77; 248 NW2d 670 (1976).

nates most, if not all, of the effect the prior designation of the offense as a misdemeanor under the penal code, the Legislature has the inherent power to define crimes, their grades and allowable punishment. We must, if at all possible, uphold the legislative determination as expressed in the applicable statute.

Therefore, we reverse the trial court's dismissal of the supplemental information charging defendant as a second felony offender and remand for trial on the supplemental information.

Reversed and remanded.