PEOPLE v STILES

Docket No. 44304. Submitted May 7, 1980, at Lansing.—Decided July 24, 1980. Leave to appeal applied for.

Eugene Stiles was convicted of obstructing or assaulting a police officer in the discharge of his duty in Jackson Circuit Court, Russell E. Noble, J. He was sentenced to three years probation with the conditions that he pay court costs and spend six months in jail. The defendant appeals contending that his actions were justified because the police had unlawfully restrained his freedom and that the trial court erred in finding him guilty.

Testimony at the trial indicated that the police officers responded to a call to investigate a family disturbance at the home of defendant's wife from whom he was separated. Mrs. Stiles permitted the officers to enter the apartment. The officers noted that Mrs. Stiles was crying and shaking and that the living room was a shambles. Mrs. Stiles informed the officers that her husband had caused the damage but that it was possible that he had left, simultaneously pointing upstairs. The officers proceeded upstairs and found the defendant in a bedroom. One officer blocked the door when the defendant attempted to leave. When the officer subsequently asked the defendant a second time for identification, the defendant pushed the officer away, causing the officer's arm to go through a glass window, a scuffle ensued and the defendant began choking the officer until he was pulled off by the other officer. *Held:*

1. The reasonableness of a restraint on a person's freedom is not measured by the probable cause standard when the restraint is of limited scope and the reasonableness must be established by specific and articulate facts and rational infer-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest § 1.

[2] 6 Am Jur 2d, Assault and Battery §§ 79, 87.

[2] What constitutes obstructing or resisting an officer, in the absence of actual force. 44 ALR3d 1018.

[3] 6 Am Jur 2d, Assault and Battery §§ 48, 49.

ences therefrom. Here, the detention of the defendant was reasonable at its inception.

2. The Michigan statute proscribing the obstructing or assaulting of police officers in their lawful acts, attempts and efforts to maintain, preserve and keep the peace applies to acts committed against police officers in the legal execution of any of their duties. Here, the trial court did not commit clear error in finding that the officers lawfully proceeded upstairs since they reasonably interpreted Mrs. Stiles' pointing upstairs as permission to investigate the upstairs.

3. The crime of obstructing or assaulting a police officer is treated as a misdemeanor only for purposes of the penal code; application of the Code of Criminal Procedure results in characterization of that offense as a felony and since the probation statute is part of the Code of Criminal Procedure, the five year maximum probation sentence for a felony is applicable rather than the two year probation maximum sentence for nonfelony convictions. The defendant's sentence was permissible.

Affirmed.

1. CRIMINAL LAW — RESTRAINT — REASONABLENESS.

The reasonableness of a restraint on a person's freedom is not measured by the probable cause standard when the restraint is of limited scope and the reasonableness must be established by specific and articulate facts and rational inferences therefrom.

2. CRIMINAL LAW — OBSTRUCTING OR ASSAULTING POLICE OFFICERS — STATUTES.

The Michigan statute proscribing the obstructing or assaulting of police officers "in their lawful acts, attempts and efforts to maintain, preserve and keep the peace" applies to acts committed against police officers in the legal execution of any of their duties (MCL 750.479; MSA 28.747).

3. CRIMINAL LAW — OBSTRUCTING OR ASSAULTING POLICE OFFICERS — STATUTES — PROBATION.

The crime of obstructing or assaulting a police officer is treated as a misdemeanor only for purposes of the penal code; application of the Code of Criminal Procedure results in characterization of that offense as a felony and since the probation statute is part of the Code of Criminal Procedure, the five year maximum probation sentence for a felony is applicable rather than the two year maximum probation sentence for nonfelony convictions (MCL 750.479, 761.1[g], 771.2; MSA 28.747, 28,843[g], 28.1132).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Janet M. Tooley,* Assistant State Appellate Defender, for defendant on appeal.

Before: CYNAR, P.J., and M. J. KELLY and T. GILLESPIE,* JJ.

PER CURIAM. Defendant, Eugene Stiles, was convicted at a September 5, 1978, bench trial of obstructing or assaulting a police officer in the discharge of his duty, MCL 750.479; MSA 28.747. On October 13, 1978, he was sentenced to three years probation with the conditions that he pay court costs of $600 and spend six months in jail.

Defendant contends that his actions were justified because the police had unlawfully restrained his freedom and that the trial court erred in finding him guilty. We disagree for the reasons set forth below.

At 10 p.m. on December 9, 1977, two police officers responded to a call to investigate a family disturbance at the apartment of Nancy Stiles, who was separated from defendant at the time. The officers were informed that Mrs. Stiles had phoned in the complaint. When the officers approached the apartment, Mrs. Stiles answered the door and permitted them to come into the vestibule. The officers noted that Mrs. Stiles was crying and shaking and that the living room of the apartment was a shambles. In response to questioning, Mrs. Stiles stated that her husband had caused the

* Circuit judge, sitting on the Court of Appeals by assignment.

damage but that it was possible he had left the apartment. Simultaneously, she pointed upstairs.

The police officers proceeded upstairs and found defendant in a bedroom holding one of his fingers which was bleeding. One officer went to an adjacent room with Mrs. Stiles to obtain her version of what had happened. The other officer entered the bedroom to talk to defendant, to obtain identification, and to keep the parties separate. When defendant attempted to leave the bedroom, the officer blocked the doorway and motioned to defendant to go back and sit down. Defendant charged at the officer a second time and was repelled. When the officer again asked defendant to produce some identification, defendant pushed the officer away, causing the officer's arm to go through a glass window. A scuffle ensued and defendant began choking the officer until he was pulled off by the other officer.

The proscription in MCL 750.479; MSA 28.747 against obstructing or assaulting police officers "in their lawful acts, attempts and efforts to maintain, preserve and keep the peace" applies to acts committed against police officers in the legal execution of any of their duties. *People v John Weatherspoon,* 6 Mich App 229, 232; 148 NW2d 889 (1967). The essential question in the present case is whether the trial court erred in finding that the police officer was legally executing his duty when he proceeded to investigate the upstairs of the apartment and detained defendant in the bedroom by blocking the doorway.

It is clear that the officer was legally performing his duty when he approached the apartment in response to the call that a family disturbance was occurring therein. It further appears that the officer was accomplishing a lawful and proper police

function of preserving law and order by attempting to ascertain whether defendant was still present in the apartment and by attempting to keep the parties separate. *People v Morris,* 41 Mich App 582; 200 NW2d 456 (1972). The officers believed that Mrs. Stiles had phoned in the complaint, the apartment was a shambles, Mrs. Stiles was crying and shaking, she permitted the officers to enter the apartment, and she told the officers that her husband had caused the damage. Although she told the officers that her husband had possibly left, she silently pointed upstairs. In light of Mrs. Stiles' condition and that of the apartment, the officers reasonably interpreted her pointing upstairs as permission to investigate the upstairs of the apartment. See *People v Chism,* 390 Mich 104, 128-139; 211 NW2d 193 (1973). This Court concludes that the trial court after reviewing the reasonableness of the circumstances did not commit clear error in finding that the officers lawfully proceeded upstairs. GCR 1963, 517.1; *People v Long,* 94 Mich App 338; 288 NW2d 629 (1979).

By analogy to *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968), which addressed the issue of the exclusion of evidence illegally seized rather than the present issue of obstructing lawful police activity, it further appears that the police officer's limited detention of defendant in the bedroom was lawful. In *Terry,* the United States Supreme Court held that the reasonableness of a restraint on a person's freedom is not measured by the probable cause standard when the restraint is of limited scope. Reasonableness must be established by specific and articulable facts and rational inferences therefrom. See also *Delaware v Prouse,* 440 US 648; 99 S Ct 1391; 59 L Ed 2d 660 (1979), *People v Grimmett,* 97 Mich App 212; 293 NW2d 768

(1980), and *People v Dixon,* 85 Mich App 271; 271 NW2d 196 (1978).

Specific facts adduced at trial clearly indicate that the detention of defendant was reasonable at its inception. Mrs. Stiles was shaken up, and she told the officers that defendant had caused the damage to the apartment. The police thus acted reasonably in attempting to keep the parties separate from each other. By standing in the doorway and blocking defendant's path, the officer limited the scope of the detention in a manner clearly related to the officer's reasonable belief that his safety or that of others was in danger. This Court finds no error in the trial court's determination that defendant obstructed or assaulted the police officer in his lawful efforts to preserve and keep the peace.

Defendant also contends that his sentence of three years probation violated MCL 771.2; MSA 28.1132 because that statute, although permitting probation of up to five years for conviction of a felony, limits probation to two years for conviction of a nonfelony offense. Defendant's argument is unpersuasive. For purposes of the penal code alone, the crime of obstructing or assaulting a police officer is treated as a misdemeanor. MCL 750.479; MSA 28.747. However, application of the Code of Criminal Procedure results in the characterization of defendant's offense as a felony. MCL 761.1(g); MSA 28.843(g). Because the probation statute, MCL 771.2; MSA 28.1132, is part of the Code of Criminal Procedure, defendant's sentence of three years probation was permissible. *People v Rosecrants,* 88 Mich App 667; 278 NW2d 713 (1979). See also *People v Hooks,* 89 Mich App 124; 279 NW2d 598 (1979).

Affirmed.