PEOPLE v ALFORD

Docket No. 49336. Submitted January 15, 1981, at Lansing.—Decided March 4, 1981.

Robert M. Alford was convicted, on his plea of guilty, of breaking and entering in Genesee Circuit Court, Earl E. Borradaile, J. The court deferred imposition of sentence to permit the defendant to enter a drug rehabilitation program. Subsequently, the defendant was convicted of attempted larceny in a building, a circuit court misdemeanor punishable by not more than two years in a state penitentiary, or one year in the county jail, or a fine not exceeding $1,000, in the same circuit court and before the same judge. The attempted larceny in a building offense occurred ten days before the defendant was sentenced on the breaking and entering conviction. Judge Borradaile sentenced the defendant to a prison term of six years and eight months to ten years on the breaking and entering conviction. On the attempted larceny in a building charge, Judge Borradaile imposed a sentence of 16 months to 24 months, to be served after the expiration of the sentence for breaking and entering.

The defendant appeals alleging that he was improperly sentenced to consecutive sentences. *Held:*

Consecutive sentencing is not permitted in Michigan except in a situation where a person who has been charged with a felony commits another felony while the first charge is still pending. Consecutive sentencing is not permitted for the commission of a misdemeanor while a felony charge is pending. Whenever a statute carries a criminal penalty of one year in prison or more, violation of it should be considered a felony unless otherwise specifically provided in the statute defining the crime. The crime of attempted larceny from a building is a misdemeanor and may not properly be utilized to permit consecutive sentencing.

Reversed and remanded with instructions.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 5] 21 Am Jur 2d, Criminal Law § 547 *et seq.*
[3, 4] 21 Am Jur 2d, Criminal law §§ 19, 20.
[5] 50 Am Jur 2d, Larceny § 56.

1. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES — STATUTES.

Consecutive sentencing is not permitted in Michigan except in a situation where a person who has been charged with a felony commits another felony while the first charge is still pending (MCL 768.7b; MSA 28.1030[2]).

2. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES.

Consecutive sentencing is not permitted for the commission of a misdemeanor while a felony charge is pending.

3. CRIMINAL LAW — FELONIES — STATUTES.

The term "felony" shall be construed to mean an offense for which the offender, on conviction, may be punished by death, or by imprisonment in a state prison (MCL 750.7; MSA 28.197).

4. CRIMINAL LAW — FELONIES.

A criminal offense should be considered a felony whenever a statute defining the crime carries a criminal penalty of one year in prison or more unless otherwise specifically provided in the statute.

5. LARCENY — ATTEMPTED LARCENY IN A BUILDING — CONSECUTIVE SENTENCES — STATUTES.

The crime of attempted larceny in a building is a misdemeanor and may not properly be utilized to permit consecutive sentencing (MCL 750.92, 750.360; MSA 28.287, 28.592).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Green, Haldy, Gibbs & McCabe, P.C.,* for defendant on appeal.

Before: BEASLEY, P.J., and R. B. BURNS and C. J. HOEHN,* JJ.

C. J. HOEHN, J. The defendant appeals as a matter of right the consecutive nature of the sentence imposed upon him in this case.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On February 13, 1979, the defendant pled guilty to a charge of breaking and entering. The circuit judge deferred imposition of sentence to permit defendant to enter a drug rehabilitation program. On October 18, 1979, defendant was sentenced to a prison term of six years and eight months to ten years.

The defendant was subsequently convicted of attempted larceny in a building contrary to the provisions of MCL 750.92; MSA 28.287 and MCL 750.360; MSA 28.592, a circuit court misdemeanor punishable by not more than two years in a state penitentiary or not more than one year in the county jail, or by a fine not exceeding $1,000. The date of the offense was October 10, 1979, ten days before defendant was sentenced on the breaking and entering conviction.

On the attempted larceny in a building charge the circuit judge imposed a sentence of 16 months to 24 months to be served after the expiration of the breaking and entering sentence.

Consecutive sentencing is not permitted in Michigan except in a situation where a person, who has been charged with a felony, commits another felony while the first charge is still pending. MCL 768.7b; MSA 28.1030(2). Consecutive sentencing is not permitted for the commission of a misdemeanor while a felony charge is pending.

The problem in this case arises because of inconsistent statutes. The statute in relation to attempted larceny in a building imposes a maximum penalty of two years in prison and labels the crime "misdemeanor". MCL 750.92(3); MSA 28.287(3). However, the current penal code defines a felony as:

"The term 'felony' when used in this act, shall be

construed to mean an offense for which the offender, on conviction may be punished by death, or by imprisonment in state prison." MCL 750.7; MSA 28.197.

Clearly the particular intention to treat a two-year prison sentence as a misdemeanor in the crime of attempted larceny in a building is inconsistent with the generic definition of a felony contained in MCL 750.7; MSA 28.197.

Concerning the construction of statutes, the Michigan Supreme Court said:

"The fundamental rule of construction of statutes is to ascertain and give effect to the intention of the Legislature; courts are bound, whenever possible, so to construe statutes as to give them validity and a reasonable construction; seeming inconsistencies in the various provisions of a statute should be reconciled, if possible, so as to arrive at a meaning which gives effect to all parts of the statute." *In re State Highway Comm,* 383 Mich 709, 714; 178 NW2d 923, 926 (1970).

Where both general principles and a specific intention are at issue, the courts have held:

" 'When a general intention is expressed, and also a particular intention is expressed, and also a particular intention which is incompatible with the general one, the particular intention shall be considered an exception to the general one.'

"The above statement was quoted with approval in *Mayor of Port Huron v City Treasurer of Port Huron,* 328 Mich 99, 112 [43 NW2d 77 (1950)], where it was said, in further discussion, that (pp 111, 112);

" 'A special statute shall be given effect as an exception to the general statute in order to carry out the legislative intent. *Board of Education v Blondell,* 251 Mich 528 [232 NW 375 (1930)]. When a general intention is expressed and also a particular intention which is incompatible with the general one, the particular

intention shall be considered as an exception to the general one. *Attorney General ex rel Owen v Joyce,* 233 Mich 619 [207 NW 863 (1926)]; *Heims v School Dist No 6 of Davison Twp,* 253 Mich 248 [234 NW 486 (1912)], and cases therein cited.' " *Bullinger v Gremore,* 343 Mich 516, 544; 72 NW2d 777 (1955). See also *Minor Child v Health Comm'r,* 16 Mich App 128, 131; 167 NW2d 880 (1969).

We hold that whenever a statute carries a criminal penalty of one year in prison or more, violation of it shall be considered a felony unless otherwise specifically provided in the statute defining the crime.

Thus, the crime of attempted larceny in a building is a misdemeanor and may not properly be utilized to permit consecutive sentencing.

The case is reversed and remanded to the circuit court with orders to amend defendant's sentence to provide that it shall run concurrently with defendant's sentence of October 18, 1979, for breaking and entering.