PEOPLE v REUTHER

Docket No. 52046. Submitted April 9, 1981, at Lansing.—Decided
June 17, 1981.

Vern F. Reuther, Jr., was charged with delivery of a controlled
substance and was convicted on his plea of guilty in Bay Circuit
Court, Eugene C. Penzien, J., of attempted possession of a
controlled substance with .intent to deliver. Defendant was
sentenced to a jail term of six months, fined $250, placed on
probation for five years, and ordered to pay $1,250 in costs.
Defendant appeals, alleging that the costs imposed did not bear
a reasonable relationship to the actual cost of the prosecution
of the case, that the five-year probation term was improper
since the crime to which he pled guilty was a two-year misde-
meanor and thus subject to only a two-year term of probation,
and that the provision of the Public Health Code under which
he was convicted violates the title-object clause of the Michigan
Constitution. *Held:*

1. Since the costs associated with probationary oversight are
included in the costs of prosecution, and since the costs associ-
ated with such probationary oversight alone would justify the
costs imposed, the costs imposed are reasonably related to the
cost of prosecution of the defendant.

2. The provision in the Code of Criminal Procedure fixing the
maximum term of probation is controlled by the definition of a
felony contained in the Code of Criminal Procedure. The crime
for which defendant was convicted, being punishable by more
than one year in prison, is a felony under the definition

REFERENCES FOR POINTS IN HEADNOTES

[1] 21A Am Jur 2d, Criminal Law § 1044.
Items of costs of prosecution for which defendant may be held. 65
ALR2d 854.
[2] 21 Am Jur 2d (Rev), Criminal Law §§ 28, 29.
[3] 73 Am Jur 2d, Statutes §§ 99, 101.
[4] 73 Am Jur 2d, Statutes §§ 145, 146.
[5] 73 Am Jur 2d, Statutes § 293.
[6] 73 Am Jur 2d, Statutes § 305.
[7] 73 Am Jur 2d, Statutes § 180.
[8] 21 Am Jur 2d (Rev), Criminal Law §§ 567, 568.

contained in the Code of Criminal Procedure, and probation may be imposed accordingly, even though the crime, for the purpose of the Penal Code, is classified as a two-year misdemeanor.

3. The provision of the Public Health Code providing for proscriptions and penalties relating to the delivery and possession of controlled substances does not violate the title-object clause of the Michigan Constitution.

Affirmed.

BRONSON, J., while concurring in the conviction and imposition of costs, dissented from that portion of the opinion holding that the five-year term of probation was proper. He would hold that, in order to give full effect to both the Penal Code and the Code of Criminal Procedure, a crime designated as being a two-year misdemeanor in the Penal Code must be treated as a misdemeanor under the probation provisions of the Code of Criminal Procedure, the specific designation of the nature of the crime contained in the Penal Code taking precedence over the general definition contained in the Code of Criminal Procedure. He would affirm the conviction and imposition of costs but would reduce the term of probation to two years.

OPINION OF THE COURT

1. CRIMINAL LAW — COSTS — PROBATION — STATUTES.

Costs assessed in a criminal case may include those costs reasonably related to the cost of prosecution, including the costs associated with the probationary oversight of the probationer (MCL 771.3[3]; MSA 28.1133[3]).

2. CRIMINAL LAW — SENTENCING — PROBATION — FELONY — MISDEMEANOR — STATUTES.

A crime carrying a two-year maximum sentence, even if such crime is statutorily designated as a misdemeanor for the purpose of the Penal Code, is statutorily treated as a felony for the purpose of the Code of Criminal Procedure; a term of probation imposed upon conviction of such crime is subject to the five-year limitation for felonies contained in the Code of Criminal Procedure (MCL 761.1[g], 771.2; MSA 28.843[g], 28.1132).

3. CRIMINAL LAW — CONSTITUTIONAL LAW — PUBLIC HEALTH CODE — CONTROLLED SUBSTANCES — STATUTES.

The proscriptions and penalties relating to the delivery and possession of controlled substances contained in the Public Health Code do not violate the title-object clause of the Michi-

gan Constitution (Const 1963, art 4, § 24, MCL 333.7401; MSA 14.15[7401]).

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY BRONSON, J.

4. STATUTES — JUDICIAL CONSTRUCTION.

*Statutes should be construed to effectuate the will of the Legislature in such a way that every word of the statute is rendered effective and no part of the statute is rendered nugatory.*

5. CRIMINAL LAW — STATUTES — JUDICIAL CONSTRUCTION.

*Any ambiguity in a criminal or penal statute is to be construed in favor of lenity.*

6. CRIMINAL LAW — JUDICIAL CONSTRUCTION — PENAL CODE — CODE OF CRIMINAL PROCEDURE.

*The Penal Code and the Code of Criminal Procedure are* in pari materia *and must be construed together so as to complement one another.*

7. STATUTES — JUDICIAL CONSTRUCTION — PRESUMPTIONS.

*The presumption that the Legislature in amending a statute must be presumed to have knowledge of existing laws should be resorted to only if all other doctrines of statutory construction fail to render a sensible meaning to the statute in question.*

8. CRIMINAL LAW — SENTENCING — PROBATION — STATUTES.

*A sentence of probation for a crime defined in the Penal Code as being a two-year misdemeanor is subject to the two-year limitation on sentences of probation contained in the Code of Criminal Procedure despite the general provision in the Code of Criminal Procedure that crimes punishable by more than one year in prison are felonies (MCL 761.1[g], 771.2; MSA 28.843[g], 28.1132).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

*Zimostrad, Wenzloff, Allsopp & Zimostrad, P.C.,* for defendant.

Before: CYNAR, P.J., and BRONSON and D. F. WALSH, JJ.

Per Curiam. Defendant was charged with delivery of a controlled substance (marijuana), MCL 333.7401; MSA 14.15(7401). On March 31, 1980, he pled guilty to the offense of attempt to possess a controlled substance (marijuana) with intent to deliver, MCL 333.7401; MSA 14.15(7401), MCL 750.92; MSA 28.287. On May 5, 1980, defendant was sentenced to serve six months in jail, fined $250, placed on probation for five years, and ordered to pay $1,250 in costs.

Defendant appeals by right and raises three issues, none of which require reversal.

There is no merit to defendant's argument that the trial court erred in imposing costs in the amount of $1,250. Although case law holds that an assessment of costs in a criminal case must be reasonably related to the cost of prosecution, it is recognized that costs of probation may be a factor. *People v Teasdale,* 335 Mich 1; 55 NW2d 149 (1952). Specific language in MCL 771.3(3); MSA 28.1133(3) authorizes the trial court to consider all expenses, direct and indirect, which the public has been or may be put to in connection with the apprehension, examination, trial, and probationary oversight of the probationer.

Contrary to defendant's assertion, the trial judge did explain his basis for assessing the amount in question on the record at the motion for resentencing. As the trial court noted, the costs of probationary supervision for five years is alone sufficient justification for the costs imposed.

There is no merit to defendant's argument that the trial court lacked authority to impose a period of probation in excess of two years. Although the crime to which defendant pled guilty is labeled a two-year misdemeanor, the determination of whether it is a misdemeanor or a felony for pur-

poses of the limitations on length of probation in MCL 771.2; MSA 28.1132 is governed by MCL 761.1(g); MSA 28.843(g), *People v Stiles,* 99 Mich App 116, 121; 297 NW2d 631 (1980). Since the allowable maximum sentence exceeds one year, the crime in question is a felony and the five-year limit on probation applies.

Defendant's challenge to the constitutionality of the statute under which he was convicted was specifically rejected in *People v Trupiano,* 97 Mich App 416, 420; 296 NW2d 49 (1980), *lv den* 409 Mich 895 (1980), and is therefore without merit.

Affirmed.

Cynar, P.J., and D. F. Walsh, J., concurred.

BRONSON, J. *(concurring in part, dissenting in part).* I agree with the majority except insofar as they find no merit to defendant's argument that the trial court lacked authority to impose a probationary period in excess of two years. In my opinion, this assertion is meritorious. The issue of whether two-year misdemeanors are to be treated as felonies or misdemeanors has arisen in various contexts in this Court. None of this Court's opinions, however, has affirmatively acknowledged what I perceive to be a split of authority on this particular issue.

By MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c) possession of marijuana with the intent to deliver is a felony for which a maximum penalty of four years imprisonment may be imposed. MCL 750.92; MSA 28.287 provides that one who attempts to commit a felony is guilty of a misdemeanor punishable by not more than two years imprisonment. Further, MCL 771.2(1); MSA 28.1132(1) states that a defendant convicted of an offense which is not a felony shall not be placed on probation for a period in excess of two years.

Under the general definitional provisions of both the current Penal Code and the Code of Criminal Procedure, the offense for which defendant was convicted would be classified as a felony. See MCL 750.7; MSA 28.197 and MCL 761.1(g); MSA 28.843(g). The question to be resolved, then, is whether either or both of these definitional sections control explicit statutory provisions defining certain offenses for which the maximum penalty is two years in the state prison as misdemeanors.

The first decision I find dealing with this problem is *People v Bernard Smith,* 81 Mich App 561, 569-571; 266 NW2d 40 (1978), *rev'd on other grounds* 406 Mich 926; 277 NW2d 506 (1979). In *Bernard Smith,* the same attempt statute under consideration here was being considered. This Court applied the longstanding rule of construction that a more specific statute controls a general statutory provision and held that an attempt under MCL 750.92; MSA 28.287 was a misdemeanor. As such, the Court held that under the Supreme Court holding in *People v Renno,* 392 Mich 45; 219 NW2d 422 (1974), it was reversible error for the trial court to allow defendant to be impeached by evidence of an attempted larceny in a building conviction. In reversing, the Supreme Court noted that at the time of retrial MRE 609 would be controlling. Since under MRE 609(1) the use of the conviction would be proper, there was consequently no need for a new trial. The Supreme Court neither approved nor disapproved the *Bernard Smith* majority's analysis of the felony-misdemeanor distinction.

Recently, in *People v Alford,* 104 Mich App 255; 304 NW2d 541 (1981), another panel of this Court, again relying on the principle that a specific intention expressed in a statute controls a general

intention expressed by an act, reached the conclusion that consecutive sentences were inappropriate where a defendant was convicted of attempted larceny in a building while another felony charge was still pending.

I agree with the analyses of both *Bernard Smith* and *Alford* as to whether the Legislature's specific designation of an offense carrying a two-year maximum penalty should be controlling. However, I also believe there are other good reasons supporting the soundness of this view. I will first set forth these other reasons, and I will then consider a number of decisions rendered by this Court reaching the opposite conclusion.

The cardinal tenet of statutory construction is to ascertain and effectuate the will of the Legislature. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956), *People v Ingram,* 99 Mich App 410, 414; 297 NW2d 684 (1980). An important and well-settled rule in seeking to effectuate the legislative intent is that the statute is to be construed in such a way that every word of it is rendered effective and no part of it is rendered nugatory. *Melia, supra, Deshler v Grigg,* 90 Mich App 49, 53-54; 282 NW2d 237 (1979), *lv den* 407 Mich 875 (1979).

The Legislature must have meant something when it designated certain offenses with two-year maximum penalties as misdemeanors. Presumably, the Legislature believed that these crimes were more serious than the typical misdemeanor but not of such seriousness that all of the consequences attendant to a felony conviction should come into play. This intention can only be effectuated, and the explicit designation of "misdemeanor" made meaningful, if these offenses are treated as misdemeanors in all respects except as

concerns the maximum term of imprisonment or where the Legislature has explicitly otherwise provided. A contrary conclusion renders the Legislature's categorical use of the term "misdemeanor" without effect. Why would it call these offenses misdemeanors if it intended every consequence of a felony conviction to attach except sentencing maximums? The maximum sentence for every crime is set forth in the Penal Code. Many, if not most, maximum sentences are specified within the specific statutory provision making the act a crime. Some offenses are merely categorized by the Penal Code as being a felony or a misdemeanor. If the former, MCL 750.503; MSA 28.771 makes the maximum penalty four years imprisonment. If the latter, MCL 750.504; MSA 28.772 makes the maximum penalty 90 days in county jail. Had the Legislature merely wanted the offenses in question to have two-year maximum sentences, it did not need to call them misdemeanors. Indeed, this designation alone provides no affirmative assistance in reaching the intended result. Instead, all the Legislature had to do was to specify that these offenses had two-year maximum sentences and, by MCL 750.7; MSA 28.197, they would be felonies.

I also rely on the doctrine that any ambiguity in a criminal or penal statute is to be construed in favor of lenity. *Bell v United States,* 349 US 81, 83-84; 75 S Ct 620, 622; 99 L Ed 905, 910-911 (1955), *People v Robinson,* 80 Mich App 559, 566; 264 NW2d 58 (1978). To the extent that I am unable to definitely state that the Legislature intended two-year misdemeanors to be exempt from other consequences of a felony conviction, I rest on the rule of lenity. If the Legislature actually intended something else, it was incumbent upon it to express this intent with greater clarity than is evident here.

I now turn to a discussion of what I consider to be the major flaw in the decisions going the other way. The majority decisions in *People v Rosecrants,* 88 Mich App 667; 278 NW2d 713 (1979), *People v Davis,* 89 Mich App 588; 280 NW2d 604 (1979), and *People v Stiles,* 99 Mich App 116; 297 NW2d 631 (1980), are all premised on the assumption that the two-year offenses defined as misdemeanors in the Penal Code are controlled by the general definitional language of MCL 761.1(g); MSA 28.843(g) in the Code of Criminal Procedure. Thus, these panels do not construe the codes as a unified whole. For instance, in *Stiles, supra,* 121, a panel of this Court held:

"For purposes of the penal code alone, the crime of obstructing or assaulting a police officer is treated as a misdemeanor. MCL 750.479; MSA 28.747. However, application of the Code of Criminal Procedure results in the characterization of defendant's offense as a felony. MCL 761.1(g); MSA 28.843(g). Because the probation statute, MCL 771.2; MSA 28.1132, is part of the Code of Criminal Procedure, defendant's sentence of three years probation was permissible."

In my opinion, the Penal Code and the Code of Criminal Procedure are *in pari materia* and must be construed together so as to complement one another. The same general subject matter is the topic of both codes and in order to truly reflect the legislative intent they must be considered together. See *People v Owens,* 13 Mich App 469, 475-476; 164 NW2d 712 (1968), *Doan v Kellogg Community College,* 80 Mich App 316, 320-321; 263 NW2d 357 (1977). Furthermore, the lead opinion in *Davis, supra,* affirmatively shows that the Legislature intended the Penal Code and Code of Criminal Procedure to be construed *in pari materia.* In

*Davis,* this Court noted that the habitual offender statute, MCL 769.12; MSA 28.1084, provided for supplementation as a third-time felony offender after three prior convictions for felonies or *attempts to commit felonies.* Thus, since larceny in a building is a felony, the attempt to commit this offense could serve as the basis for a habitual offender prosecution despite the fact that the attempted larceny is denominated a misdemeanor in the Penal Code.

Again, we are confronted with the question of what the Legislature meant by using certain language—in this case, the words "attempt to commit felonies". If every crime designated as a two-year misdemeanor in the Penal Code is a felony for purposes of the Code of Criminal Procedure, this language is meaningless. The only application the words "attempt to commit felonies" can have is to distinguish attempts to commit felonies and two-year misdemeanors as used in the Penal Code's statutory provisions concerning attempts. MCL 750.92; MSA 28.287. Thus, an attempt to commit a four-year felony, although denoted in MCL 750.92; MSA 28.287 as a misdemeanor, can nonetheless serve as an underlying offense in a habitual offender prosecution. If one adopts the view that a two-year misdemeanor is a felony for purposes of the Code of Criminal Procedure, however, the language in question is unnecessary and of no effect. As noted earlier, a construction rendering a portion of an act meaningless is disfavored. *Melia, supra.*

In *Rosecrants, supra,* 670, the majority noted that MCL 761.1(g); MSA 28.843(g) does not by its terms purport to alter the designated gradation of offenses set forth in the Penal Code. However, the *Rosecrants* panel found that the amendment to

MCL 761.1; MSA 28.843 showed an intent to alter these grades and that the Legislature in amending a statute must be presumed to have knowledge of existing laws. *Skidmore v Czapiga*, 82 Mich App 689, 691; 267 NW2d 150 (1978), *lv den* 403 Mich 810 (1978). In my opinion, this presumption should only be resorted to if all other doctrines of statutory construction fail to render a sensible meaning to the statute in question. Nonetheless, this same presumption could be applied to support my construction of what the Legislature meant by two-year misdemeanors. The habitual offender statutory provisions, MCL 769.10 *et seq.;* MSA 28.1082 *et seq.,* were amended effective September 1, 1978. These provisions continue to refer to an attempt to commit a felony as the basis of an underlying offense for a habitual offender prosecution. As noted above, the attempt to commit a felony language is meaningless if a two-year misdemeanor as specified in the Penal Code is a felony for purposes of the Code of Criminal Procedure. I must presume that the Legislature was aware of MCL 761.1(g); MSA 28.843(g) and did not intend it to override the gradation of offenses used in the Penal Code since it continued to use the attempt to commit felony language in the habitual offender portions of the Code of Criminal Procedure.

I would affirm defendant's conviction, but modify his sentence by reducing the term of probation to two years.