PEOPLE v COLEMAN

Docket No. 73437. Submitted July 18, 1984, at Lansing.—Decided February 20, 1985.

Ronald L. Coleman was convicted, on his plea of guilty, of larceny in a building, Washtenaw Circuit Court, Edward D. Deake, J., and sentenced to a term in the county jail to be served consecutively to another sentence he was serving. In the prior case defendant was charged with larceny in a building and pled guilty to attempted larceny in a building. Defendant committed the instant crime after his plea in the prior case, while he was free on bond awaiting sentencing. Defendant appealed. *Held:*

For purposes of the consecutive sentencing statute, "felony" means a violation of a penal law of this state for which the offender, upon conviction, may be punished by death or by imprisonment for more than one year, or an offense expressly designated by law to be a felony. Attempted larceny in a building is a felony for purposes of the consecutive sentencing statute.

Affirmed.

CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES.

A felony, for purposes of the consecutive sentencing statute, is a violation of a penal law of this state for which the offender, , upon conviction, may be punished by death or by imprisonment for more than one year, or an offense expressly designated by law to be a felony (MCL 761.1, 768.7b; MSA 28.843, 28.1030[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

*Leonard K. Kitchen & Associates* (by *Klint James McKay),* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 552.

Before: DANHOF, C.J., and D. E. HOLBROOK, JR., and C. W. SIMON,* JJ.

PER CURIAM. Defendant pled guilty to larceny in a building, MCL 750.360; MSA 28.592. Defendant was sentenced to confinement in the county jail for nine months, to be served consecutively to another sentence defendant was serving, and he appeals as of right.

Defendant argues that the sentencing court erred by imposing the consecutive sentence. MCL 768.7b; MSA 28.1030(2) provides in part:

"When a person, who has been charged with a felony and pending the disposition of the charge, commits a subsequent offense which is a felony, upon conviction of the subsequent offense or acceptance of a plea of guilty, guilty but mentally ill, or nolo contendere for the subsequent offense, the following shall apply:

"(a) The sentences imposed for conviction of the prior charged offense and a subsequent offense, other than a major controlled substance offense, may run consecutively."

Defendant claims that he did not commit the crime at issue here while the disposition of a prior felony charge was pending. Defendant asserts, and the prosecution concedes, that in the prior case defendant was charged with larceny in a building and pled guilty to attempted larceny in a building. Defendant committed the crime at issue here after his plea in the prior case, while he was free on bond awaiting sentencing. Defendant argues that MCL 768.7b; MSA 28.1030(2) will not permit consecutive sentencing where the prior felony charge pending at the time of his commission of the subsequent crime did not result in his conviction of a felony. See *People v Glenn Jones,* 82 Mich

* Circuit judge, sitting on the Court of Appeals by assignment.

App 403; 266 NW2d 824 (1978); but see *People v Jeffrey Thompson,* 117 Mich App 210; 323 NW2d 656 (1982). On this record, we need not address the questions discussed in *Jones* and *Thompson.* MCL 761.1; MSA 28.843 provides in part:

"As used in this act:

\* \* \*

"(g) 'Felony' means a violation of a penal law of this state for which the offender, upon conviction, may be punished by death or by imprisonment for more than 1 year, or an offense expressly designated by law to be a felony."

"This act" refers to the Code of Criminal Procedure, of which MCL 768.7b; MSA 28.1030(2) is a part. While attempted larceny in a building is a misdemeanor for most purposes, see MCL 750.360; MSA 28.592, MCL 750.503; MSA 28.771, and MCL 750.92(3); MSA 28.287(3), it is a felony for the purposes of the Code of Criminal Procedure, because it is punishable by imprisonment for more than one year. *People v Rosecrants,* 88 Mich App 667; 278 NW2d 713 (1979); *People v Reuther,* 107 Mich App 349; 309 NW2d 256 (1981); *People v DeLong,* 128 Mich App 1; 339 NW2d 659 (1983). A consecutive sentence was therefore properly imposed.

Affirmed.