121    431
e141    98

## PEOPLE *v.* TOMPKINS.

CRIMINAL LAW — ASSAULT ON OFFICER — SUFFICIENCY OF INFORMATION.

An information charging respondent, in the language of the statute ( 3 Comp. Laws 1897, § 11327 ), with "knowingly and willfully" assaulting one C., a village treasurer, while the said C. was attempting to execute a tax warrant, sufficiently alleges that respondent knew that the person assaulted was an officer, and knew that he was at the time in the discharge of his duty.

Exceptions before judgment from Iosco; Simpson, J. Submitted June 22, 1899.   Decided September 27, 1899.

George Tompkins was convicted of assaulting an officer. Reversed.

The following is a copy of the information :

"STATE OF MICHIGAN,
The Circuit Court for the County �months ss.
of Iosco.
"Iosco County—ss.
" Albert E. Sharpe, prosecuting attorney for the county of Iosco aforesaid, for and in behalf of the people of the State of Michigan, comes into said court in the August term thereof, A. D. 1898, and gives it here to understand and be informed that George Tompkins and James Hamilton, of the township of Oscoda, in the county of Iosco and State of Michigan, heretofore, to wit, on the 23d day of July, in the year one thousand eight hundred and ninety-eight, at the village of Oscoda, in said Iosco county, did then and there knowingly and willfully assault, beat, and wound George H. Cosgrove, while he, the said George H. Cosgrove, was attempting to serve and execute a warrant for the collection of taxes in and for the said village of Oscoda, in said county, said warrant having been made and executed and attached to the tax roll of said village of Oscoda by Vernon E. Rix, president of said village, on the 20th day of May, 1898, and, by authority of the com-

mon council of said village, extended by said president, Vernon E. Rix, on the 8th day of July, 1898, for thirty days thereafter, and the said George H. Cosgrove being then and there the village treasurer of said village of Oscoda, duly elected and qualified as such, it being then and there his duty to levy and collect the village taxes in said village under said warrant, and said tax roll of said village of Oscoda being then and there in the hands of said George H. Cosgrove for collection, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the people of the State of Michigan.

> "ALBERT E. SHARPE,
> "Prosecuting Attorney for the County of Iosco."

*Main J. Connine* and *Crane & Crane*, for appellant.

*Albert E. Sharpe*, Prosecuting Attorney, for the people.

HOOKER, J. The defendant asks that the information in this cause be held insufficient, upon the ground that it fails to allege that he knew that the person assaulted was an officer, or that he knew that he was at the time in the discharge of his duty. It is contended that it states only that the assault was willfully and knowingly made. It seems to me that this is hypercritical, and, moreover, that it is not an accurate interpretation of the language. The law attempts to punish an assault upon an officer while in the discharge of his duty by a penalty more severe than that imposed for other assaults. It requires that the offense shall be committed knowingly and willfully. If an assault is willful, it is intentional; and, if intentional, it must be made knowingly. If, therefore, we are to apply these words as we are asked to do, the word "knowingly" is superfluous. There is no doubt that a knowledge that the person assaulted is an officer in the discharge of his duty was made an element of the offense, and that the insertion of the word "knowingly" in the statute had reference to this, and not to the assault, which could not be willful unless made intentionally, and therefore knowingly. Had this information stated that the defendant

willfully, with force and arms, assaulted A. B., knowing him, the said A. B., to be then and there an officer, etc., it would be held good. Instead of that, the exact order of language used in the statute (3 Comp. Laws 1897, § 11327) was followed, and, as it could have but one meaning, it was sufficient.

We think the conviction must be set aside upon the ground that hearsay evidence of the ownership of the property sought to be levied upon was admitted.

The conviction must be set aside, and a new trial ordered.

The other Justices concurred.