## PEOPLE *v.* JOHN WEATHERSPOON.

1. CRIMINAL LAW—INTERFERING WITH POLICE OFFICER—STATUTES. Statute punishing an assault on a police officer in his acts to "maintain, preserve and keep the peace" is broad enough to include all the duties legally executed by a police officer (CL 1948, § 750.479).

2. SAME—INTERFERING WITH POLICE OFFICER—ASSAULT. Assault on police officer who had parked his automobile at an intersection to watch for one wanted for assault, who

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 39 Am Jur, Obstructing Justice § 8 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 525 *et seq.*

he expected would pass that way, *held*, an assault on an officer in his lawful acts to maintain, preserve, and keep the peace, and not merely a simple assault (CL 1948, §§ 750.81, 750.479).

3. SAME—SENTENCE.

Sentence which is within the limits set by statute proscribing crime charged is not error.

·Appeal from Kalamazoo; Van Valkenburg ·(Wade), J. Submitted Division 3 November 10, 1966, at·Grand Rapids. (Docket No. 1,321.) Decided·March 14, 1967.

John Weatherspoon was convicted of assaulting a police officer who was in the performance of his duty. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Michael C. Gergely,* Chief of Appellate Division, for the people.

*Justin J. Brocato,* for defendant.

BURNS, J. On January 24, 1965, Officer Nevelle of the city of Kalamazoo police department, while on duty, proceeded to and parked at the corner of North and Burdick streets in Kalamazoo in response to a police broadcast that Elmer Weatherspoon, brother of the defendant, was wanted for assault and battery and was last seen in a vehicle headed north on Burdick street. Officer Nevelle was dressed in a police uniform and drove a marked car.

. While the officer was bringing a stolen car sheet up to date, a green Pontiac stopped next to the police car. John Weatherspoon, the operator of the Pontiac, jumped out, opened the police car door and assaulted Officer Nevelle. Shortly thereafter

John Weatherspoon was arrested. His case was tried without a jury, and he was convicted of violating CL 1948, § 750.479 (Stat Ann 1954 Rev § 28.747).

On appeal the defendant does not dispute the fact that he assaulted the police officer. The bone of contention arises over an interpretation of the relevant portion of the statute which the defendant was held to have offended:

"Any person who shall knowingly and wilfully * * * obstruct, resist, oppose, assault, beat or wound any of the above named officers, or any other person or persons authorized by law to maintain and preserve the peace, in their lawful acts, attempts and efforts to maintain, preserve and keep the peace, shall be guilty of a misdemeanor, punishable by imprisonment in the State prison not more than 2 years, or by a fine of not more than 1,000 dollars."

The position of the defendant is that the legislature did not intend this statute to punish offenders who commit a simple assault[1] on any police officer while on duty. More simply stated, the argument is that when the officer was assaulted, he was not engaged in preserving the peace.

In *People* v. *Krum* (1965), 374 Mich 356, the Supreme Court upheld a conviction based on the above quoted statutory excerpt where the accused interfered with a State trooper's duty to inspect automobiles as they arrived at a blockade set up as part of a search for prison escapees. From a factual analysis, Officer Nevelle's "acts, attempts and efforts" seem comparable to those being executed by the State trooper in *People* v. *Krum, supra.* But more important than this parallel, is that on page 361 of the *Krum Case, supra,* the Court

---

[1] CL 1948, § 750.81 (Stat Ann 1962 Rev § 28.276).

recognized the relationship between the statute and the general rule which provides:

" 'The obstruction of or resistance to *a public officer in the performance of his duties* is an offense at common law, and by statute in all jurisdictions.' (39 Am Jur, Obstructing Justice, § 8, p 506.)" (Emphasis supplied.)

The emphasized language leads us to conclude that the broad statutory clause "maintain, preserve and keep the peace" includes all of the duties legally executed by a police officer. A police officer is expected to be, and should be, in a constant state of readiness to quell any disturbance. Officer Nevelle had parked his automobile at the intersection to watch for Elmer Weatherspoon who was wanted for assault. The mere fact that this officer was not in the act of making an arrest when he was assaulted does not necessarily mean that he was not preserving the peace.

We find no reason on the facts or under the law to disturb the trial court's determination in this case.

The defendant's claim that the court erred in sentencing the defendant for 1 to 2 years in the State prison is without merit. The sentence was within the limits set by the statute. *People* v. *Krum, supra.*

Judgment affirmed.

McGregor, P. J., and Newblatt, J., concurred.