PEOPLE v BAKER

Docket No. 62673. Submitted April 11, 1983, at Lansing.—Decided June 1, 1983.

Guy J. Baker was convicted of resisting or obstructing a police officer in the discharge of his duty, Schoolcraft Circuit Court, William F. Hood, J. Defendant appealed, alleging error in the court's refusing to instruct the jury on attempted resisting arrest and on the misdemeanor of simple assault. *Held:*

1. A trial court is obliged to instruct on attempt as a lesser included offense only where the defense offered is that there was only an attempt and there is evidence that the completed offense may not have been committed or where the defense is that the jury should not credit evidence tending to show that the offense charged was completed. There was no evidence that a crime less than the completed offense was committed. The court did not err in refusing to instruct on attempt.

2. The distinguishing feature which transforms the misdemeanor of simple assault into the felony of resisting arrest is the fact that an officer of the law is the victim where resisting arrest is charged. Therefore, an instruction on simple assault in a case in which resisting arrest is charged would be appropriate only where there is some evidence that the victim was not a police officer or a question is raised concerning defendant's knowledge of the victim's status. Defendant testified that he knew that the victim was a police officer. Thus, the evidence did not support an instruction on simple assault.

Affirmed.

1. CRIMINAL LAW — JURY INSTRUCTIONS — ATTEMPT.

A trial court is obliged to instruct on attempt as a lesser included offense only where the defense offered is that there was only an attempt and there is evidence that the completed offense may not have been committed or where the defense is that the jury should not credit evidence tending to show that the offense charged was complete.

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 876.
[2] 6 Am Jur 2d, Assault and Battery §§ 11, 79, 87.

2. ASSAULT AND BATTERY — RESISTING ARREST — SIMPLE ASSAULT —
   JURY INSTRUCTIONS.

   The distinguishing feature which transforms the misdemeanor of
   simple assault into the felony of resisting arrest is the fact that
   an officer of the law is the victim where resisting arrest is
   charged; therefore, an instruction on simple assault in a case in
   which resisting arrest is charged would be appropriate only
   where there is some evidence that the victim was not a police
   officer or a question is raised concerning defendant's knowledge
   of the victim's status.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Bruce Plackowski,* Prosecuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, Prosecuting Attorneys Appellate Service, for the people.

State Appellate Defender (by *Terence R. Flanagan),* for defendant on appeal.

Before: DANHOF, C.J., and ALLEN and D. F. WALSH, JJ.

PER CURIAM. Defendant was convicted of resisting or obstructing a police officer in the discharge of his duty, MCL 750.479; MSA 28.747, following a jury trial. He was placed on probation for two years with the first six months to be spent in jail. Defendant appeals his conviction as of right.

Defendant claims that the trial court erred by refusing to instruct the jury on a lesser offense of attempted resisting arrest. The trial court ruled that, because the crime of resisting arrest is in the nature of an assault, it would be improper to give the requested instruction because there is no such crime as attempted assault. See *People v Richard Banks,* 51 Mich App 685; 216 NW2d 461 (1974).

We find it unnecessary to decide whether an attempt to resist arrest may be a lesser-included offense to this crime. Even assuming that the

crime exists, we agree that it was inappropriate to give such an instruction in this case. A judge is only required to instruct on attempt where there is evidence indicating that only an attempt was committed. *People v Adams,* 416 Mich 53; 330 NW2d 634 (1982).

Defendant did not deny that he used force to resist the arrest. Rather, he claimed that the arrest was unlawful in that the degree of force used by the officer was excessive. Those claims, if believed, would have constituted complete defenses to the charge. See *People v Stark,* 120 Mich App 350; 327 NW2d 474 (1982). There was no evidence that a crime was committed which was less than the completed offense. Therefore, an instruction on attempt was not appropriate. *People v Adams, supra.*

Defendant also complains that the trial court erred by refusing to instruct the jury on the misdemeanor offense of simple assault. MCL 750.81; MSA 28.276.

Assuming that defendant is correct in his claim that, because of the assaultive nature of his actions, simple assault was a cognate lesser-included offense to this charge, we do not believe that the trial court was required to give an instruction concerning that charge. In *People v Stephens,* 416 Mich 252; 330 NW2d 675 (1982), the Supreme Court backed away from the rule stated in *People v Chamblis,* 395 Mich 408, 429; 236 NW2d 473 (1975). *Chamblis, supra,* precluded the giving of instructions for misdemeanor offenses in most felony prosecutions. In *Stephens, supra,* the Court ruled that a requested misdemeanor instruction may be given if it is supported by a rational view of the evidence adduced at trial.

The purpose of the resisting arrest statute is to

protect police officers from physical violence and harm. *People v Kretchmer,* 404 Mich 59, 64; 272 NW2d 558 (1978). The Legislature has provided for an aggravated penalty for resisting arrest. The distinguishing feature which transforms the midemeanor of simple assault into the felony of resisting arrest is the fact that an officer of the law is the victim where resisting arrest is charged. Therefore, an instruction on simple assault in a case in which resisting arrest is charged would be based on a rational view of the evidence only if there is some evidence that the victim was not a police officer or a question is raised concerning defendant's knowledge of the victim's status.

In the present case, defendant testified that he knew that the person who attempted to arrest him was a police officer. Therefore, the evidence did not support the requested misdemeanor instruction. *People v Stephens, supra.*

Affirmed.