PEOPLE v LITTLE

Docket No. 113463. Submitted June 13, 1989, at Lansing. Decided August 9, 1989. Leave to appeal applied for.

Kenneth P. Little was arrested for driving while intoxicated and was taken to the Walled Lake police station. While at the station, Little assaulted the police officer who was attempting to administer a Breathalyzer test. Little was charged with resisting and obstructing a police officer while the officer was engaged in maintaining the peace. Defendant moved in Oakland Circuit Court to quash the information, arguing that an officer's post-arrest, in-custody administration of a Breathalyzer test is not an attempt to maintain or keep the peace within the contemplation of the statute. The circuit court, Jessica R. Cooper, J., held that the resisting and obstructing a police officer statute was not applicable to a post-arrest, in-custody situation and remanded to the district court for trial as a simple assault and battery. The people appealed on leave granted.

The Court of Appeals *held:*

The statute making criminal the resisting and obstructing of a police officer while the officer is maintaining or attempting to maintain the peace is not applicable to an assault which takes place after the defendant has been arrested, taken into custody and taken to a place of confinement.

Affirmed.

Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Iɴᴛᴇʀғᴇʀɪɴɢ ᴡɪᴛʜ Pᴏʟɪᴄᴇ Oғғɪᴄᴇʀ — Aʀʀᴇsᴛ.

The statute making criminal the resisting and obstructing of a police officer who is undertaking to maintain, preserve or keep the peace is not applicable to any act undertaken by a person after such person has been arrested and is in police custody at a police station (MCL 750.479; MSA 28.747).

*Frank J. Kelley,* Attorney General, *Louis J.*

Rᴇғᴇʀᴇɴᴄᴇs
Am Jur 2d, Arrest §§ 80, 81, 94, 113.
What constitutes obstructing or resisting an officer, in the absence of actual force. 44 ALR3d 1018.

*Caruso,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Jacques & Ziem* (by *William E. Ziem*), for defendant.

Before: BEASLEY, P.J., and McDONALD and MURPHY, JJ.

PER CURIAM. The people appeal by leave granted from a November 10, 1988, order quashing the information charging defendant with resisting and obstructing a police officer, MCL 750.479; MSA 28.747.

Defendant was arrested for driving while intoxicated and transported to the Walled Lake police station. While at the station, defendant assaulted police officer Christopher Helgert as Helgert attempted to administer defendant a Breathalyzer test. Defendant was charged with resisting and obstructing a police officer in an information that alleged defendant

> did knowingly and wilfully obstruct, resist, oppose, assault, beat or wound officer Christopher Helgert, a police officer with the Wolverine Lake Police Department, while said officer was engaged in lawful acts, attempts and efforts to maintain, preserve and keep the peace, to-wit: assisting in taking of breathalyzer: contrary to MCL 750.479; MSA 28.747.

Following defendant's bindover to circuit court, defendant filed a motion to quash, claiming officer Helgert's administration of the Breathalyzer test does not qualify as "maintaining or attempting to maintain, preserve and keep the peace" as alleg-

edly required by the statute. Defendant also claimed the statute to be applicable only in cases of assault or resistance occurring during arrest.

Following a hearing on the motion, the trial court found the statute inapplicable where defendant was in custody and secured in a jail setting at the time of the assault. The matter was remanded for trial as a simple assault and battery.

The people thereafter filed an application for leave to appeal, which leave was granted on January 1, 1989.

On appeal the people, relying on *People v John Weatherspoon,* 6 Mich App 229; 148 NW2d 889 (1967), claim the statute to be applicable, arguing the statutory language "maintain, preserve, and keep the peace" includes *all* duties legally executed by a police officer. Defendant and the trial court on the other hand contend the "maintain, preserve and keep the peace" language of the statute applies only to lawful duties of an officer attempting to protect the *public peace* and not to post-arrest situations wherein the defendant is secured in a jail setting.

The statute in question provides:

> Any person who shall knowingly and wilfully obstruct, resist or oppose any sheriff, coroner, township treasurer, constable or other officer or person duly authorized, in serving, or attempting to serve or execute any process, rule or order made or issued by lawful authority, or who shall resist any officer in the execution of any ordinance, by law, or any rule, order or resolution made, issued, or passed by the common council of any city board of trustees, or common council or village council of any incorporated village, or township board of any township or who shall assault, beat or wound any sheriff, coroner, township treasurer, constable or other officer duly au-

thorized, while serving, or attempting to serve or execute any such process, rule or order, or for having served, or attempted to serve or execute the same, or who shall so obstruct, resist, oppose, assault, beat or wound any of the above named officers, or any other person or persons authorized by law to maintain and preserve the peace, in their lawful acts, attempts and efforts to maintain, preserve and keep the peace, shall be guilty of a misdemeanor, punishable by imprisonment in the state prison not more than 2 years, or by a fine of not more than 1,000 dollars.

The stated purpose of § 479 seems to support the people's application of the statute, the purpose being to punish an assault upon a public officer in the discharge of his duty by a penalty more severe than that imposed for assaults on private citizens, *People v Tompkins*, 121 Mich 431; 80 NW 126 (1899), *United States v Feola*, 420 US 671; 95 S Ct 1255; 43 L Ed 2d 541 (1975), and protect officers from physical violence and harm. *People v Kretchmer*, 404 Mich 59; 272 NW2d 558 (1978), *People v Baker*, 127 Mich App 297; 338 NW2d 391 (1983). Additionally, in *Weatherspoon, supra,* a panel of this Court found the broad statutory clause "maintain, preserve and keep the peace" to include all duties legally executed by a police officer. In so finding, the Court relied on *People v Krum*, 374 Mich 356, 361; 132 NW2d 69 (1965), wherein our Supreme Court recognized the statute's tie to the common-law crime of obstructing an officer, and acknowledged the general rule: " 'The obstruction of or resistance to *a public, officer in the performance of his duties* is an offense at common law, and by statute in all jurisdictions.' (39 Am Jur, Obstructing Justice, § 8, p 506.)"

However, our research has failed to uncover

precedent wherein the statute in question has been applied to a post-arrest, in-custody defendant. Moreover, there is a separate statute specifically applicable to assaults made by persons lawfully imprisoned or detained which enhances the punishment for a simple assault under circumstances such as those presented in the instant case. MCL 750.506a; MSA 28.774(1) provides:

> (1) If a person, lawfully imprisoned in a jail or other place of confinement established by law, for any crime or offense, or lawfully imprisoned in a jail or other place of confinement after being sentenced for a crime or offense and awaiting or in transit to or from a prison or other place of confinement, commits any offense defined in sections 81 to 86, the court may impose the appropriate penalties prescribed in sections 81 to 86 to run consecutively with any sentence which the person is already serving.
>
> (2) If a person, lawfully detained in a jail or other place of confinement established by law, and awaiting arraignment, examination, trial or sentencing for any crime or offense, commits a subsequent offense defined in sections 81 to 86, if convicted of the crime or offense for which he was detained at the time he committed the subsequent offense, any sentences imposed for conviction of the prior offense and for conviction of the subsequent offense under sections 81 to 86 may run consecutively.

As we conclude the instant defendant should have been charged under MCL 750.506a; MSA 28.774(1), we therefore find no abuse of discretion in the trial court's dismissal of the resisting and obstructing charge.

Affirmed.