**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0169n.06

**No. 08-1858**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JEFFREY KARTTUNEN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DAVID CLARK, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |

FILED
Mar 16, 2010
LEONARD GREEN, Clerk

Before: DAUGHTREY, SUTTON, and McKEAGUE, Circuit Judges.

PER CURIAM.   Plaintiff Jeffrey Karttunen appeals the district court's grant of summary judgment to defendant David Clark, a Michigan state trooper, on Karttunen's claim that Clark used unconstitutionally excessive force while taking the plaintiff into custody for resisting arrest.  In reaching its decision, the district court did not address the merits of Karttunen's excessive force claim.  Instead, the court ruled that the principles announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), precluded the plaintiff's challenge pursuant to 42 U.S.C. § 1983, because a successful excessive-force judgment would necessarily imply the invalidity of the underlying conviction.  Because we conclude that *Heck* is inapplicable to the facts of this case, as we recently held in *Schreiber v. Moe*, ___ F.3d ___, No. 09-1337, 2010 WL 724021 (6th Cir. March 4, 2010), we reverse the district court's judgment and remand this matter for further proceedings.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Taking the evidence in the light most favorable to the plaintiff, the district judge succinctly stated the facts germane to this appeal in an initial order denying the defendant's motion for summary judgment, as follows:

> [Clark] was dispatched to Plaintiff's home on November 10, 2004, to investigate a hit and run accident. The dispatcher also informed Clark that there was a warrant for Plaintiff's arrest issued from Shiawassee County. When Clark arrived at Plaintiff's residence, he knocked on the door, but received no response. Clark then looked into a window and saw Plaintiff sleeping. Clark knocked on the window and awoke Plaintiff, who came to the door.
>
> Clark informed Plaintiff that he had a "message" for him and asked him to step out of the house. Plaintiff asked Clark to give him the message through the door, but Clark refused. Clark told Plaintiff that he needed to come outside to hear the message, or Clark would impound his truck. According to Plaintiff, after he opened the door, Clark pulled him out of the house by his arm, put his other arm behind his back and "body slammed or tackled me to the porch head first and came down on top of me with his knee on my back." Pl.'s Dep. at 31. Plaintiff contends that he hit his face on the concrete porch, sustaining a cut above his eye as well as head, back, and shoulder injuries. Clark then got Plaintiff to his feet and put him in a patrol car.

The district court further noted that:

> Clark provides a slightly different version of events. According to Clark, he asked Plaintiff to step out onto the porch, but Plaintiff refused. Clark then grabbed Plaintiff's arm and ordered him to step out. Plaintiff tried to pull away from Clark, but Clark used the momentum to "continue on. And I came down on top of him. Clark Dep. At 59. Clark referred to this as a "controlled takedown." Id. According to Clark, Plaintiff hit his head on the door frame

on the way down. After Plaintiff was on the ground, Clark handcuffed him. Clark did not tell Plaintiff he was under arrest until after he handcuffed him.

Subsequently, Plaintiff was charged in state court for resisting arrest. Initially, the charge was not bound over at the preliminary examination, because Clark did not inform Plaintiff he was being arrested until after the fact. Upon appeal, however, the charge proceeded and Plaintiff pleaded no contest.

The Michigan state court sentenced Karttunen to five days in jail and 18 months on probation for his conviction for attempted resisting of a police officer, a violation of Michigan Compiled Laws § 750.81d(1). Shortly after entry of that judgment, the plaintiff filed this civil lawsuit, alleging both a state-law claim of assault-and-battery and a claim pursuant to 42 U.S.C. § 1983 for use of excessive force in effectuating the seizure of his person. The district court dismissed the state-law claim *sua sponte*, declining to exercise supplemental jurisdiction over that allegation.

The defendant then filed a motion for summary judgment, which was initially denied by the district court. In reaching that preliminary decision, the district judge determined that Karttunen's *nolo contendere* plea could not have preclusively established that the plaintiff resisted arrest because, under Michigan law, a *nolo contendere* plea "cannot be considered 'actual litigation' for the purposes of collateral estoppel." The district court noted that under the plaintiff's version of the facts, Karttunen "did not resist at all, and thus no force was necessary." The court also found that Clark "[did] not argue that he [wa]s entitled to qualified immunity even under [Karttunen's] version of the facts" and, therefore,

concluded that a factual dispute existed between the parties, making summary judgment inappropriate.

The matter was, therefore, set for trial, but on the day before the start of the proceedings, defendant Clark filed a "supplemental brief based on *Heck v. Humphrey*," arguing that the Supreme Court decision in *Heck* barred the plaintiff from prosecuting a section 1983 claim "that, if successful, 'would necessarily imply the invalidity' of a prior conviction or sentence." The district judge treated the "supplemental brief" as a delayed motion for summary judgment, found merit in the defendant's position, and granted Clark summary judgment. In effect, the district court adopted the defendant's reasoning that under Michigan law, a person may resist an unlawful arrest; that the plaintiff in this case pleaded *nolo contendere* to the charge that he improperly resisted arrest, meaning that the arrest itself must have been lawful; that if the arrest was lawful, excessive force must not have been used in the seizure; and that for Karttunen to allege that the force used in his arrest was excessive necessarily implied that he was improperly convicted for resisting arrest – an unacceptable collateral attack on a still-valid criminal conviction. The plaintiff now appeals from that determination.

## DISCUSSION

As noted above, the district court granted summary judgment to the defendant based upon its finding that Karttunen's section 1983 claim was barred by the principles announced in *Heck v. Humphrey*. In that opinion, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-87 (footnotes omitted). We have stressed the same point: "Under *Heck*, the salient question is whether the § 1983 claim 'necessarily' implies the invalidity of the state-court conviction." *Swiecicki v. Delgado*, 463 F.3d 489, 504 (6th Cir. 2006) (Sutton, J., concurring in part and dissenting in part) (citing *Hill v. McDonough*, 547 U.S. 573, 583 (2006)), *abrogated on other grounds by Wallace v. Keto*, 549 U.S. 384 (2007).

In reaching its conclusion that Karttunen's civil rights action did "necessarily" imply the invalidity of the state-court conviction, the district court, citing *People v. Little*, 456 N.W.2d 237 (Mich. 1990), claimed both that "Plaintiff could have used excessive force as a defense to the charge of resisting arrest," and that "[o]ne of the necessary elements of a conviction for resisting arrest is that a lawful arrest occurred." However, in a case with many striking factual similarities to the facts in this case, we have since recognized that

"[t]he mere fact that the conviction and the § 1983 claim arise from the same set of facts is irrelevant if the two are consistent with one another." *Schreiber*, ___ F.3d at ___, 2010 WL 724021, at *8.

In *Schreiber*, the plaintiff pleaded no contest in Michigan state court to a charge of attempting to "assault, batter, wound, resist, obstruct, oppose, or endanger" a police officer under M.C.L. § 750.81d(1), the same code section under which Karttunen was charged and to which he also pleaded no contest. Schreiber's prosecution arose from an altercation on the basis of which he also filed a section 1983 action alleging excessive force. The district court held that Schreiber's claim was barred by *Heck v. Humphrey*, because he had been convicted in state court for attempting to resist arrest. On appeal, we determined that "[n]othing in the text of Michigan Compiled Laws § 750.81d(1) . . . suggests that the state must prove as an element of the crime that the police did not use excessive force." *Id*. at ___, 2010 WL 724021, at *9. Observing that "one recent Michigan case has strongly suggested that excessive force by the police is not a defense to a resisting-arrest conviction," we concluded that "any excessive force used by [the defendant police officer] would [not] have provided Schreiber with an affirmative defense to the charge of resisting an arrest." *Id*. (citing *People v. Ventura*, 686 N.W.2d 748, 752 (Mich. Ct. App. 2004), and *People v. Hill*, No. 283951, 2009 WL 1830750, at *3 (Mich. Ct. App. June 25, 2009)).

As a result, we held that "Schreiber's § 1983 excessive-force claim does not challenge his conviction for attempting to resist his arrest" and that the claim was, therefore, not barred by *Heck*, which "applies only where a § 1983 claim would '*necessarily*' imply the invalidity of a conviction." *Schreiber*, ___ F.3d at ___, 2010 WL 724021, at *9 (quoting *Nelson v. Campbell*, 541 U.S. 637, 647 (2004). Citing *Nelson*, we pointed out that a plaintiff would otherwise be unable to pursue a potentially valid claim for damages, and directed that Schreiber be allowed to proceed with his section 1983 action for excessive force. *See id*.

## CONCLUSION

Because this appeal is clearly controlled by our decision in *Schreiber*, the same result must follow here. In its original order denying summary judgment, the district court correctly ruled that "a grant of immunity . . . [was] inappropriate, given the factual dispute between the parties." We therefore REVERSE the district court's judgment in the defendant's favor and REMAND the case for further proceedings consistent with this opinion.